IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Case No.:   1:23-CR-00061 (BKS) |
| | ) | |
| v. | ) | |
| | ) | **DEFENDANT'S SENTENCING** |
| **BRIAN TIERNEY,** | ) | **MEMORANDUM** |
| | ) | |
| **Defendant.** | ) | |

The Defendant, Brian Tierney, by and through his counsel of record, O'Brien & Eggleston, PLLC, hereby submits the following Sentencing Memorandum in anticipation of Mr. Tierney's August 16, 2024 sentencing before Chief Judge Brenda K. Sannes.  For the reasons set forth herein, it is respectfully requested that the Court impose a sentence outside of the sentencing guidelines in consideration of the 18 U.S.C. § 3553(a) factors.

## INTRODUCTION

Brian Tierney was indicted on one count of Conspiracy to Commit Bank Robbery, in violation of 18 U.S.C. §§ 371, 2113(a), and 2113(d).  He has remained in custody since January 13, 2023, having been detained since his arrest in the Western District of Virgina. On January 18, 2024, Mr. Tierney made an initial appearance before The Honorable Robert S. Ballou, U.S. Magistrate Judge for the Western District of Virginia, and was ordered detained and removed to the Northern District of New York.  On March 9, 2023, a detention hearing was held before The Honorable Christian F. Hummel, U.S. Magistrate Judge, and he was ordered detained pending trial.

On April 16, 2024, Mr. Tierney appeared with counsel and, pursuant to a written plea agreement and Rule 11(c)(1)(A), entered a guilty plea to Count 1 of the Indictment which charged

1

Commit Bank Robbery, in violation of 18 U.S.C. §§ 371, 2113(a), and 2113(d). The factual basis of the offense involves Mr. Tierney's association with co-defendants Kenna and Brown and their conduct in preparation to commit an armed robbery of the Community Bank, N.A. located in Johnstown, New York. Kenna initiated the plan and on November 14, 2022, created a group chat utilizing the messaging application Threema. Brown joined the chat on that same date and Mr. Tierney joined the chat the following day, on November 15, 2022. Doc. 91, Plea Agreement, ¶ 5.

On November 14, 2022, Kenna sent Mr. Tierney an audio message indicating that his role in the robbery would likely be as the driver while Brown and Kenna would enter the Bank to complete the physical robbery. Doc. 113, PSIR, ¶ 34. On November 17, 2022, Kenna and Brown had a two-way which indicated that Brown was going to visit the Johnstown area on November 26, 2022, to conduct surveillance and planning in furtherance of the conspiracy to commit the bank robbery. Doc. 113, PSIR, ¶ 37. "On November 21, 2022, Kenna surveilled and photographed the Bank and took a video of the planned approach and escape route for the robbery; later in the day, Kenna sent the photographs and video to [Mr. Tierney] and Brown." Doc. 91, Plea Agreement, ¶ 5. On November 21, 2022, Kenna send an audio message directly to Brown indicating that he intended to commit a robbery of a bar and restaurant and invited him to participate in the robbery with him while Brown was visiting the weekend of November 26, 2024. Brown's response indicated that was willing to participate in that proposed robbery with Kenna. Doc. 113, PSIR, ¶ 49. Notably, Mr. Tierney was not included in this conversation and was not invited to participate in this "little side thing." Doc. 113, PSIR, ¶ 49.

On November 22, 2022, Mr. Tierney ordered handgun parts for potential use in the planned robbery. Doc. 113, PSIR, ¶ 51. On November 26, 2022, Brown drove from his residence in Pennsylvania to Johnstown, where he met with Kenna to conduct further surveillance of the Bank and plan the robbery. On November 27, 2022, Mr. Tierney sent Kenna an image of what appeared

2

to be a p80 handgun, which law enforcement indicated is typically a Glock." Doc. 113, PSIR, ¶ 41. Also on November 27, 2024, Mr. Tierney sent Kenna photographs of "a radio scanning and jamming device for use in robbing the Bank." Doc. 91, Plea Agreement, ¶ 5. Significantly, Mr. Tierney never traveled to the Johnstown, New York area to meet with Kenna and/or Brown, conduct surveillance of the Bank, or plan the bank robbery.

Mr. Tierney has wholly accepted responsibility for his conduct in this case. During his presentence interview, he described the circumstances that ultimately led to his actions here. Mr. Tierney reported that he was both "consumed by grief following the death of his infant son in March 2022" and financially motivated as "he was drowning in debt and not earning much money at the time." Doc. 113, PSIR, ¶ 61. He indicated that "he is willing to dissociate himself from other [white nationalist] group members to ensure that he can be home for his son upon his release from imprisonment, and will abide by any conditions of supervised release restricting his associations." Doc. 113, PSIR, ¶ 62. Mr. Tierney stated during his presentence interview: "I was angry at the world I guess after the loss of my son. [My son] never harmed anyone. I felt it wasn't fair. I was angry at the system … Though this has no link to the bank, at the time, I felt it was all part of one system. I felt the system owed me. Looking back, it was not a clear way of thinking. That is what was going through my head. My son needs me. I did not want anyone to get hurt, especially an innocent bystander. That was never my intention." Doc. 113, PSIR, ¶ 61.

**PRESENTENCE INVESTIGATION REPORT/GUIDELINE COMPUTATION**

Mr. Tierney objects to select portions of the factual content and offense level computation of the Presentence Investigation Report. Mr. Tierney accepts that the Base Level Offense is 20 and that the property of a financial institution was an object of the offense, resulting in a 2-level upward adjustment pursuant to U.S.S.G. § 2B3.1(b)(1). He further agrees that the offense was

3

conspiracy that was not completed, resulting in a 3-level downward adjustment pursuant to 2X1.1 Mr. Tierney objects to a five-level upward adjustment based upon a firearm brandished or possessed. While he did engage in discussions about the potential possession of firearms to use to carry out the bank robbery and ordering of handgun parts, there was an additional discussion on November 21, 2022, wherein Kenna referenced having sharp knives with which to threaten the female bank tellers during the robbery. As the conspiracy to commit the bank robbery was not completed and no possession or brandishing of a firearm took place in the course of the planned robbery, the use of "sharp stuff" rather than firearms to threaten the bank tellers may have occurred. As such, Mr. Tierney asserts that a three-level increase for a dangerous weapon was brandished or possessed is warranted here, pursuant to U.S.S.G. § 2B3.1(b)(2)(E).

Additionally, Mr. Tierney respectfully requests the Court consider applying a Mitigating Role, as a Minor Participant, based upon his role in the offense when viewed in the totality of the circumstances, resulting in a two-level decrease in the offense level pursuant to U.S.S.G. § 3B1.2(b). Kenna wholly controlled the planning and organizing of the criminal activity here, with Mr. Tierney having limited discretion in performing the acts as directed by Kenna. Furthermore, unlike Brown, Mr. Tierney did not travel to New York to meet with Kenna to conduct surveillance and participate in further planning of the robbery of the bank. As such, Mr. Tierney's conduct is less culpable than Kenna and Brown in the criminal activity, but his role could not be described as minimal, thus a two-level decrease as a minor participant may be applied.

Lastly, Mr. Tierney disputes certain aspects of his Criminal History as reported in the Presentence Investigation Report and court records. Specifically, the sentences imposed by the Nassau County, 1st District Court on January 26, 2018. It is reported that on that date, the court sentenced Mr. Tierney to: (i) 9 months imprisonment upon his conviction of Criminal Contempt 2nd, a Class A Misdemeanor; and, (ii) 9 months imprisonment *and* 3 years' probation upon his

conviction of Criminal Possession of a Weapon 4th, a Class A Misdemeanor. However, a court cannot legally impose a "split sentence" that includes a period of incarceration that exceeds 60 days and also impose a sentence of probation, pursuant to New York State Penal Law § 60.01(2)(d). As such, Mr. Tierney now asserts that the sentences reported from January 26, 2018, were reported in error.

## ARGUMENT

Under 18 U.S.C. § 3553(a), a sentencing court "shall impose a sentence sufficient, but not greater than necessary, to … reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with the educational or vocational training, medical care or other correctional treatment in the most effective manner." *See* 18 U.S.C. § 3553(a)(2).

In undertaking its analysis, the Court considers the advisory sentencing range recommended by the Guidelines and any relevant Guideline policy statements, as well as other traditional sentencing factors, such as:

(1) the nature of the offense and history and characteristics of the defendant;

(2) the purpose of sentencing;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant;

(5) pertinent policy statements issued by the Sentencing Commission;

(6) the need to avoid unwarranted disparities among similar offenders; and

(7) the need to provide restitution to victims.

*See* 18 U.S.C. § 3553(a).

"Although the sentencing judge is obliged to consider all of the sentencing factors outlined in section 3553(a), the judge is not prohibited from including in that consideration the judge's own sense of what is a fair and just sentencing under all of the circumstances." *United States v. Jones*, 460 F.3d 191, 195 (2d Cir. 2006).

**1.    The Nature and Circumstance of the Offense**

Mr. Tierney has entered a plea of guilty to Conspiracy to Commit Bank Robbery in violation of 18 U.S.C. §§ 371, 2113(a) and 2113(d) as provided within the written plea agreement and Presentence Investigation Report as described above. *See* Doc. 91, Plea Agreement, ¶ 5; Doc 113, PSIR.

**2.    The History and Characteristics of the Defendant**

**a.    Personal and Family Information**

Brian William Tierney was born in 1993 in Mineola, New York to Scott and Barbara Tierney. He has one sister, Samantha Tierney, age twenty-seven, who lives in New York City. Mr. Tierney's parents and sister have no criminal or substance abuse histories.

Beginning in elementary school, Mr. Tierney was enrolled in various alternative schools due to behavior issues, including an alternative school for students diagnosed with various psychiatric disorders. Mr. Tierney was diagnosed with multiple mental health conditions beginning when he was approximately eight years old; which included: depression, bipolar disorder, intermittent explosive disorder, unspecified mood disorder, and Asperger Syndrome and was treated regularly by a psychiatrist until age twenty-two. Mr. Tierney was psychiatrically hospitalized on numerous occasions throughout his youth and again at age twenty-one. He had been prescribed a number of medications, however, he ceased taking medications and psychiatric treatment at age twenty-two, which led to substantial behavioral issues and resulted in a number of arrests.

Mr. Tierney married his wife, Angela Tierney, in June of 2021. He and his wife currently have one son, B. C-D. T., born in May 2023. Mr. Tierney and his wife had previously welcomed their first child, B. C. T., who passed away at only two months old in March of 2022. The loss of his first child at only two months of age had a profound effect on Mr. Tierney. This exacerbated his mistrust of the medical profession, which in-part fueled Mr. Tierney's willingness to participate in the instant offense as he "did not care what happened to him." Doc. 113, PSIR, ¶ 103. Since the birth of his second child in May 2023, Mr. Tierney has a renewed sense of purpose. He is now acutely aware that due to the position that he has put himself in he remains unable to be the present and supportive father that he is capable of being. Over the past eighteen months, Mr. Tierney has refocused his priorities and mindset to ensure that upon his release he will be adequately equipped to be the father and husband his family needs and deserves.

      **b.**    **Education and Employment**

Mr. Tierney earned his high school diploma in 2011 and subsequently attended a single semester at Nassau County Community College in 2012. Mr. Tierney was most recently employed with Bossy Girl Construction, Lynchburg, Virginia, beginning in December of 2022 until the time of his instant arrest. He was previously employed with BTP Tucking, LLC, K.C. Transport, LLC and worked side jobs of residential moving and junk removal. Additionally, he previously worked as a freelance computer programmer. Additionally, he achieved the rank of Eagle Scout at the age of eighteen.

      **c.**    **Criminal History**

Mr. Tierney has a total of six prior convictions, each of which occurred in New York State. Specifically, his convictions consist of two felony convictions, two misdemeanor convictions, and two convictions for violation level offenses. (i) Disorderly Conduct (Violation) - Sentenced 4/47/2017 to 15 days imprisonment; (ii) Criminal Contempt 2nd (A Misdemeanor) - Sentenced

7

1/26/2018 to 9 months imprisonment; (iii) Criminal Possession of a Weapon 4th (A Misdemeanor) – Sentenced 1/26/2018 to 9 months imprisonment and 3 years' probation; (iv) Disorderly Conduct (Violation) – Sentenced 4/27/2017 to 15 days imprisonment; (v) Burglary 2nd (C Felony) – Sentenced 12/20/2017 to 42 months imprisonment and 3 years post-release supervision; and (vi) Criminal Possession of a Weapon 3rd (D Felony) – Sentenced 12/20/17 to time served.

### 3. The Purpose of Sentencing

Pursuant to the sentencing statute, a defendant's sentence should be designed: (1) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (2) to afford adequate deterrence to criminal conduct; (3) to protect the public from further crimes of the defendant; and (4) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. *See* 18 U.S.C. § 3553(a)(2)

Mr. Tierney has accepted responsibility for his conduct related to the instant charge at the time he executed the plea written plea agreement, at the time of his plea on entered on April 16, 2024, as well as during his subsequent interview with U.S. Probation Office.

### 4. The Sentencing Guidelines

The U.S. Probation Department's Presentence Investigation Report [hereinafter "Report"] recommends that the Offense Level Computation should result in a total offense level of 21. Doc. 113, PSIR, ¶¶ 63-75. The Report further asserts that Mr. Tierney's criminal convictions result in total criminal history score of 8, which establishes a criminal history category of IV. Doc. 113, PSIR, ¶¶ 77-87. As the statutorily maximum sentence is 5 years (60 months) and less than the maximum guideline range per the Report. Thus, the guideline range as determined by U.S. Probation Department the is 57 to 60 months. Doc. 113, PSIR, ¶¶ 77-87. However, Mr. Tierney opposes offense level being increased by five-levels, but rather assets that in the alternative, a

8

three-level increase is warranted under U.S.S.G. § 2B3.1(b)(2). Doc. 113, PSIR, ¶ 69. Mr. Tierney opposes the finding contained in Report that no applicable adjustment for role in the offense is warranted here. Doc. 113, PSIR, ¶ 69. We respectfully request that the Court find him to have been a Minor Participant, based upon his role in the offense when viewed in the totality of the circumstances, resulting in a two-level decrease in the offense level pursuant to U.S.S.G. § 3B1.2(b).

Based upon the foregoing, Mr. Tierney now recommends that the Offense Level Computation should result in a total offense level of as high as 19 and as low as 17. Thus, even if his criminal history is determined to constitute a category IV, the guideline range would at most be 46 to 57 months and as low as 37 to 46 months. However, defense counsel asserts that the Court has the authority to sentence Mr. Tierney outside of the guidelines, below the guideline minimum, under various subsections of 18 U.S.C. § 3553 and respectfully request that the Court carefully consider any and all such circumstances in determining a fair and just sentence in this case.

     **5.**    **The Need to Avoid Unwarranted Sentence Disparities**

Mr. Tierney should be sentenced in a manner that reflects the distinctions between his role and his co-defendants' roles in the criminal conduct. Kenna entered guilty pleas to Conspiracy to Commit Bank Robbery, in violation of 18 U.S.C. §§ 371, 2113(a) and 2113(d), as well as Possession of a Firearm by a Prohibited Person and received a sentence of 41 months on each count to run concurrently and a term of 3 years of supervised release. *See* Judgment in a Criminal Case, Doc. 110. Brown pleaded guilty to Conspiracy to Commit Bank Robbery and received a sentence of 37 months and a term of 3 years of supervised release. *See* Judgment in a Criminal Case, Doc. 109. Defense counsel respectfully requests that the Court avoid unwarranted sentence disparities between Mr. Tierney and other similarly situated defendants.

## **CONCLUSION**

We respectfully ask that the Court account for the differences in conduct between the co-defendants when fashioning a sentence for Mr. Tierney and consider a sentence commensurate with the minimum term of imprisonment under the appropriate sentencing guideline imprisonment range as such a sentence is able to accomplish the desired respect for the law, just punishment and deterrence while avoiding unwarranted sentence disparities. In this case, the defense respectfully requests that this Court sentence Brian Tierney to a period of incarceration of 37 months followed by 3 years of supervised release as such a sentence is sufficient but not greater than necessary to comply with the purposes set forth 18 U.S.C. § 3553(a)(2).

Dated:  July 26, 2024                                                          Respectfully submitted,
            Albany, New York

_____
Adam C. Eggleston, Esq
Bar Roll No.: 700289
O'Brien & Eggleston, PLLC
12 Sheridan Avenue, Suite 3
Albany, New York 12207
(518) 391-2369